State v. Wilkins

that the child had no emotion for the mother and that the mother never expressed deep concern for the child. The previous order had found that the respondent decided to keep the child only when she learned that she would receive more public assistance with two children instead of one.

The court concluded that the child had been so physically abused that it would be in the best interest of the child not to be returned to the parent. All parental rights were terminated, and full custody of the child was placed with the Forsyth County Department of Social Services. The respondent gave notice of appeal.

*Chester C. Davis for petitioner-appellee.*

*Kennedy and Kennedy by Annie Brown Kennedy for respondent-appellant.*

CARSON, Judge.

---

STATE OF NORTH CAROLINA v. CORNELL SIDNEY WILKINS

No. 746SC486

(Filed 7 August 1974)

**Criminal Law § 155.5— failure to docket record in apt time**
Appeal is dismissed for failure to docket the record on appeal within the enlarged time allowed by order of the trial court.

APPEAL by defendant from *Rouse, Judge,* 1 November 1973 Session of Superior Court held in NORTHAMPTON County. Heard in the Court of Appeals on 20 June 1974.

This is a criminal action wherein the defendant, Cornell Sidney Wilkins, was charged in bills of indictment, proper in form, with armed robbery and assault with intent to kill inflicting serious injuries. The defendant entered a plea of not guilty to both charges and the State offered evidence tending to establish the following:

On 13 August 1973 Mrs. Winnie Davis was operating a store located on highway #158. At approximately 3:30 p.m., the defendant came into the store and purchased several items. Defendant stood around the store for a few minutes and then asked for an orange drink. As Mrs. Davis turned toward the defendant, after giving him his drink and placing his money in the cash register, the defendant struck her several times with the drink bottle. Defendant then ordered Mrs. Davis to lie down on the floor and he struck her several more times. Mrs. Davis testified that she heard the cash register being opened and that when the defendant left and she was able to get up she discovered that some $920.00, which had previously been in the cash register, was missing. Mrs. Davis also observed a small red station wagon with Virginia plates leaving from the general vicinity of the store.

The defendant was apprehended a short time later in some woods near a red station wagon which had been abandoned. Later the area in the woods where defendant was first seen was searched and this search uncovered $918.00 in a burlap bag, a pair of brown trousers, a pair of shoes, a watch, a key which opened the door to the station wagon and worked in the ignition switch of the car.

Dr. Charles Sawyer testified that he treated Mrs. Davis for multiple scalp, head, and facial lacerations which required sixty to seventy stitches to close.

Mr. Glen Glensne, a chemist, testified that he examined the trousers, shoes, and other items, and that he discovered that the brown trousers had human blood type "A" on them. It was stipulated that Mrs. Davis' blood type was "A".

The defendant offered evidence tending to show that he was the owner of a red station wagon with Virginia plates and

that he did stop at the store operated by Mrs. Davis. However, defendant testified that he only purchased an orange soda from her and when he left the store she was just sitting there. Defendant further testified that he pulled his car behind a barn so that he could go in the woods and "relieve" himself and he denied having ever seen the brown pants, the shirt or shoes which were offered into evidence. The defendant also offered evidence of his good character and reputation.

After hearing the evidence, the jury returned verdicts of guilty as to assault with a deadly weapon inflicting serious injury and armed robbery. The trial court adjudged that the defendant be imprisoned for the term of thirty (30) years for the armed robbery and for five (5) years for the offense of assault with a deadly weapon inflicting serious injury. This latter sentence is to run concurrently with the sentence imposed upon the charges of armed robbery. The defendant appealed.

*Attorney General Robert Morgan and Assistant Attorney General Lester V. Chalmers, Jr., for the State.*

*Theaoseus T. Clayton for defendant appellant.*

HEDRICK, Judge.

Rule 5 of the Rules of Practice of this Court provides that if the record on appeal is not docketed within 90 days after the date of the judgment appealed from, the case may be dismissed; provided, the trial court may for good cause shown extend the time of docketing for an additional period not exceeding 60 days. In the case at bar, the judgment appealed from was entered on 1 November 1973 and the record on appeal was not docketed until 17 April 1974. This is a period of 168 days. Although the time period during which the defendant could docket his appeal was enlarged to the maximum of 150 days, it is obvious that defendant has failed to comply with this deadline. For this reason the defendant's appeal must be dismissed.

Nevertheless, we have considered each of the assignments of error brought forward and argued on this appeal and find them to be without merit.

The defendant was afforded a fair trial free from prejudicial error.

Dismissed.

Chief Judge BROCK and Judge CAMPBELL concur.